IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| RICHARD DANTINNE, JR., <br><br> Plaintiff, <br><br> v. <br><br> RANDY BROWN, et al., <br><br> Defendants. | Civil No. 17-0486 (JHR/JS) |

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on plaintiff's "Motion to Disqualify John Gillespie, Esquire, and [his law firm] Parker McCay" (when appropriate, hereinafter collectively referred to as "Gillespie"). [Doc. No. 38]. The Court received Gillespie's response [Doc. No. 48], plaintiff's reply [Doc. No. 50], and recently held oral argument. For the reasons to be discussed, plaintiff's motion is DENIED without prejudice.[1]

---

[1] Although the issue was not raised by the parties, the Court agrees that a conflict may be raised by a party who is not a client or former client of the allegedly conflicted lawyer. Delso v. Trs. for Ret. Plan for Hourly Emps. of Merck & Co., C.A. No. 04-3009 (AET), 2007 WL 766349, at *5 (D.N.J. Mar. 6, 2007) ("In addition to clients, adversaries have standing to raise conflict of interests issues.") (citing Essex Cty. Jail Annex Inmates v. Treffinger, 18 F. Supp. 2d 418, 431 (D.N.J. 1998)); see also Schiffli Embroidery Workers Pension Fund v. Ryan, Beck & Co., C.A. No. 91-5433, 1994 WL 62124, at *2 (D.N.J. Feb. 23, 1994).

Background

Plaintiff's first complaint was filed in state court and was replaced by a federal court complaint filed on January 24, 2017. Thereafter, plaintiff filed a first amended complaint [Doc. No. 8] and second amended complaint [Doc. No. 30]. In lieu of answers, all defendants filed motions to dismiss which remain to be decided. [Doc. Nos. 44-47, 49]. All defendants assert that no federal jurisdiction exists and if any part of plaintiff's complaint is viable, jurisdiction is appropriate in state court.

This lawsuit arises out of a press conference held by Mayor Randy Brown ("Brown") of Evesham Township ("Evesham") on or about January 12, 2017. Second Am. Compl. ¶ 9 [Doc. No. 30]. Prior to the press conference, Brown became aware of sexual harassment incidents allegedly involving plaintiff. Thereafter, Brown notified Gillespie, Evesham's Attorney, the Chief of Police and the Township Manager. In support of plaintiff's motion, plaintiff produced Brown's December 17, 2016 email to the same three persons advising that Brown was made aware of multiple sexual harassment claims/allegations against plaintiff. "As Mayor of the town" Brown asked for "guidance" about what steps he should take to document his knowledge of the situation. See Pl.'s Br. at 1 [Doc. No. 38-2]; see also Pl.'s Ex. B [Doc. No. 38-6]. Plaintiff also produced an email purporting to state that Brown was "working with Gillespie for the proper release

2

time." See Pl.'s Ex. C [Doc. No. 38-7]. There is no evidence in the record regarding whether Gillespie ever communicated with Brown about the situation. At his press conference, Brown stated as follows:

> Sexual harassment is unacceptable, not in this building, not in this town, not in this country! Covering it up and hiding it from the public and the elected officials is inexcusable!
>
> I'm calling for an immediate special meeting of the BOE and the appointment of an Independent third party investigator to find out what the school district officials are obviously reluctant to.

See id.

Plaintiff originally sued Randy Brown and then later named Sandy Student, Nichole Stone, William McGoey and Evesham Township. Student, Stone and McGoey are members of the Evesham Township Board of Education. See Gillespie's Opp'n at 4 [Doc. No. 48]; Second Am. Compl. ¶ 6. Plaintiff alleges he was defamed, his privacy was invaded, he was denied due process, and his liberty interests were deprived.[2] See generally Second Am. Compl. Gillespie represents Evesham in the case. Brown has separate counsel as does Student, Stone and McGoey.

As will be discussed, plaintiff avers that a key issue in the case is whether at the time of his press conference Brown acted in his individual or official capacity. Pl.'s Reply at 1-3

---

[2] Plaintiff alleges he was used as a "pawn in a dispute that [Brown] has personally with the Superintendent of the Evesham Township School District." Second Am. Compl. ¶ 14.

[Doc. No. 50]. This issue may be determinative as to whether Evesham may be liable for Brown's actions and whether federal jurisdiction exists. Until his most recent complaint, plaintiff alleged all of Brown's conduct was outside the scope of his employment as Mayor. For the first time, plaintiff's second amended complaint alleged an alternative theory that Brown "was acting within the course and scope of his duties as Mayor." Second Am. Compl. ¶¶ 31(a)-(f). Evesham unequivocally argues that at all relevant times Brown acted in his individual capacity.

Discussion

In the District of New Jersey issues regarding professional ethics are governed by L. Civ. R. 103.1(a). This Rule provides that the Rules of Professional Conduct of the American Bar Association, as revised by the New Jersey Supreme Court, shall govern the conduct of members of the bar admitted to practice in the District. See L. Civ. R. 103.1(a); Carlyle Towers Condo. Ass'n, Inc. v. Crossland Sav., FSB, 944 F. Supp. 341, 344-45 (D.N.J. 1996). When deciding a motion to disqualify counsel the movant bears the burden of proof that disqualification is appropriate. City of Atlantic City v. Trupos ("Trupos"), 201 N.J. 447, 462-63 (2010); Maldonado v. New Jersey, ex rel. Admin. Office of Courts-Prob. Div., 225 F.R.D. 120, 136-37 (D.N.J. 2004). The movant's burden is a heavy one since "[m]otions to disqualify are viewed with 'disfavor' and disqualification is

considered a 'drastic measure which courts should hesitate to impose except when absolutely necessary.'" Alexander v. Primerica Holdings, Inc., 822 F. Supp. 1099, 1114 (D.N.J. 1993) (quoting Schiessle v. Stephens, 117 F.2d 417, 420 (7th Cir. 1983) (internal quotation marks and citation omitted)); Carlyle Towers, 944 F. Supp. at 345. Nevertheless, "a motion for disqualification calls for [courts] to balance competing interests, weighing the need to maintain the highest standards of the profession against a client's right freely to choose his counsel." Trupos, 201 N.J. at 462 (citing Dewey v. R.J. Reynolds Tobacco Co., 109 N.J. 201, 218 (1988)). In weighing this balance the Court is mindful that "there is no right to demand to be represented by an attorney [or law firm] disqualified because of an ethical requirement." Id. (citation omitted).

When determining whether to disqualify counsel the Court must closely and carefully scrutinize the facts to prevent unjust results. Montgomery Acad. v. Kohn, 50 F. Supp. 2d 344, 349 (D.N.J. 1999). In Steel v. Gen. Motors Corp., 912 F. Supp. 724, 733 (D.N.J. 1995) (citation omitted), the court noted its balancing "involves a 'painstaking analysis of the facts and precise application of precedent.'"

> The decision whether to disqualify a law firm by imputation is best undertaken on a case-by-case basis, weighing the facts as they exist at the time the motion to disqualify is made. New Jersey courts have consistently eschewed per se rules of

5

disqualification, stressing the "fact-sensitive nature" of a decision to disqualify counsel.

Cardona v. Gen. Motors Corp., 942 F. Supp. 968, 976 (D.N.J. 1996) (citations omitted).

Plaintiff argues Gillespie and his law firm should be disqualified under Rules of Professional Conduct ("RPC") 1.7(a) and 1.9(a) because of Gillespie's current or past conflict between representing Brown and Evesham. Plaintiff argues if Gillespie currently represents Brown he is conflicted out of the case due to RPC 1.7(a). In the alternative, Brown argues that if Gillespie formerly represented Brown he is conflicted out because of RPC 1.9(a). The lynchpin to plaintiff's argument is that if Brown was not acting in his official capacity when he consulted with Gillespie, then Gillespie necessarily represented Brown in his personal capacity. According to plaintiff, a conflict exists between Gillespie and Brown because Evesham argues Brown acted in his individual capacity and Brown may argue he acted in his official capacity. Pl.'s Reply at 1-3. Plaintiff also argues a conflict will exist if Evesham and Brown assert cross-claims against each other which, of course, has not yet happened. Plaintiff also argues disqualification is appropriate under RPC 3.7(a) because Gillespie is a fact witness. Id. at 4.

Not surprisingly, Gillespie disagrees with plaintiff. Gillespie argues that at all relevant times he only represented

6

Evesham and, therefore, Brown is not a current or former client. Gillespie's Opp'n at 5, 9. Gillespie cites to RPC 1.13 which provides that a lawyer retained to represent an organization (Evesham), represents the organization and not its members such as the Mayor. Id. at 13-15.[3] Gillespie also argues it is premature to decide if he will be a trial witness. Id. at 15.

For the reasons to be discussed, plaintiff's motion will be denied without prejudice. The reason is because no present conflict exists, and no future conflict is certain, that warrants Gillespie's disqualification. Further, it is not yet known if Gillespie will be a necessary trial witness.

1. RPC 1.7(a) and 1.9(a)

The gravamen of plaintiff's conflict argument is that Evesham and Brown are at odds regarding whether at the time of Brown's press conference Brown was acting in an individual or official capacity. Plaintiff posits that Evesham will argue Brown acted in an individual capacity and Brown will or may argue he acted in an official capacity. Plaintiff also surmises that Evesham and Brown will assert cross-claims against each other when they answer plaintiff's second amended complaint. Pl.'s Reply at 1-3. The problem with plaintiff's argument, however, is that it is based on supposition and not presently

---

[3] RPC 1.13(a) provides that "a lawyer employed or retained to represent an organization represents the organization as distinct from its directors, officers, employees, members, shareholders or other constituents."

7

existing facts. Brown's counsel explained at oral argument that Brown opposes plaintiff's motion to disqualify Gillespie. In addition, Evesham and Brown are both arguing that no federal jurisdiction exists to keep the case in federal court and plaintiff's complaint should be dismissed. [Doc. Nos. 45, 47]. Brown's counsel also confirmed that at the present time Brown is not taking the position that he was acting in an official capacity.[4] The earliest Brown will make this decision is after defendants' motions to dismiss are decided and he has to respond to the averments in plaintiff's second amended complaint. Until then, therefore, Evesham and Brown are in lockstep with each other. Accordingly, it is apparent that plaintiff's conflict argument is based on a supposition about what may happen in the future. Plaintiff's conflict argument must therefore be rejected because surmise alone cannot support an order of disqualification. Trupos, 201 N.J. at 469.[5] The Court can and will decide plaintiff's disqualification motion when and if it

---

[4] Counsel reserved his position on the issue.

[5] Since it is premature to decide plaintiff's conflict argument, the Court expresses no opinion as to whether Gillespie represented Brown individually or in an official capacity. Nor is the Court weighing in on whether Brown acted in an individual or official capacity when he held his press conference. Further, it appears the conflict issue will not be ripe for decision at least until defendants' motions to dismiss are decided.

is based on an existing or unavoidable conflict. This situation does not presently exist.[6]

2. RPC 3.7(a)

Just as it is premature to decide if Gillespie is disqualified because of a conflict under RPC 1.7(a) and 1.9(a), the same is true as to whether Gillespie should be disqualified under RPC 3.7(a). A court may disqualify an attorney where it is necessary to enforce the court's disciplinary rules. See In re Snyder, 472 U.S. 634, 643 (1985) (noting that federal courts have inherent authority to discipline attorneys); see also Kaselaan & D'Angelo Assocs., Inc. v. D'Angelo, 144 F.R.D. 235, 243 (D.N.J. 1992). Here, the relevant disciplinary rule is RPC 3.7(a) which states:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>
> (1) the testimony relates to an uncontested issue;

---

[6] Although the Court is not weighing in on the ultimate merits of the conflict issue, the Court notes it is not clear-cut whether a conflict exists and/or whether even in view of RPC 1.13(a), Brown is a present or former client. See Home Care Indus., Inc. v. Murray, 154 F. Supp. 2d 861, 868-70 (D.N.J. 2001) (discussing, in part, whether an implied attorney-client relationship existed between a corporation's attorney and its President, Chief Executive Officer and Member of the Board of Directors); Schiffli Embroidery, 1994 WL 62124, at *2-4 (discussing whether an implied attorney-client relationship existed between the attorney for a pension fund and a fund trustee); see also Petrillo v. Advisory Comm. On Professional Ethics, 83 N.J. 366, 370 (1980); Advisory Comm. Op. 412 (Nov. 13, 1978); Advisory Comm. Op. 526 (April 5, 1984).

9

> (2) the testimony relates to the nature and value of legal services rendered in the case; or
>
> (3) disqualification of the lawyer would work substantial hardship on the client.

RPC 3.7(a). The rule is only a prohibition against an attorney-witness acting as an "advocate at trial". Main Events Prods., LLC v. Lacy, 220 F. Supp. 2d 353, 355 (D.N.J. 2002). Thus, Rule 3.7(a) does not prevent an attorney who may be a trial witness from representing the client during pretrial proceedings. United States v. Boston Sci. Neuromodulation Corp., C.A. No. 11-1210 (SDW/MCA), 2013 WL 2404816, at *7 (D.N.J. May 31, 2013) (citing Tangible Value, LLC v. Town Sports Int'l Holdings, Inc., C.A. No. 10-1453 (MAS), 2012 WL 4660865, at *3 (D.N.J. Oct. 1, 2012)).

The purpose of RPC 3.7(a) is "to prevent a situation in which at trial a lawyer acts as an attorney and a witness, creating the danger that the fact finder (particularly if it is a jury) may confuse what is testimony and what is argument[.]" Main Events, 220 F. Supp. 2d at 357. An attorney is "likely to be a necessary witness only where he has crucial information in his possession which may be divulged." Garza v. McKelvey, C.A. No. 89-895 (CSF), 1991 WL 3302, at *3 (D.N.J. Jan. 2, 1991) (citation omitted). Stated differently, an attorney is a necessary witness where the information provided cannot be obtained through any other means, including through alternative

witnesses. Boston Sci., 2013 WL 2404816, at *7; see also Biermann v. Bourquin, C.A. No. A-2196-11T2, 2012 WL 4008956, at *3 (N.J. Super. Ct. App. Div. Sept. 13, 2012) (denying motion to disqualify where attorney was not a necessary witness since other witnesses could provide the same testimony).

In order to disqualify an attorney the party seeking disqualification must do more than simply make a representation that a lawyer is a necessary witness. J.G. Ries & Sons, Inc. v. Spectraserv, Inc., 384 N.J. Super. 216, 230 (App. Div. 2006) ("Such a mere representation, however, does not satisfy the threshold requirements of RPC 3.7, which specifies a likelihood that a lawyer will be a necessary witness."). Indeed, the party seeking to disqualify must put forth evidence that establishes the likelihood that the attorney will be a necessary witness at trial. If it is unclear from the record as to whether the attorney's testimony is necessary, the motion should be denied. See Host Marriott Corp. v. Fast Food Operators, Inc., 891 F. Supp. 1002, 1010 (D.N.J. 1995).

Plaintiff argues Gillespie should be disqualified because he will be a fact witness at trial. The Court rejects plaintiff's argument that merely because Gillespie may be a trial witness he must be disqualified. This is so because RPC 3.7(a) only addresses a "necessary [trial] witness." (emphasis added). Presumably, plaintiff is arguing Gillespie is a

necessary trial witness because his testimony is relevant to deciding whether Brown acted in his individual or official capacity. Plaintiff argues the content of the Gillespie/Brown conversations are relevant to this issue. As the term is used in R.P.C. 3.7, an attorney is "likely to be a necessary witness only where he has crucial information in his possession which may be divulged." Oswell v. Morgan Stanley Dean Witter & Co., C.A. No. 06-5814 (JBS), 2007 WL 2446529, at *3 (D.N.J. Aug. 22, 2007) (citing Garza, 1991 WL 3302, at *3). "An attorney's testimony is considered 'necessary' if concealing it would prejudice the client or prevent the court from making a just decision." Nat'l Sec. Sys., Inc. v. Iola, C.A. No. 00-6293 (AET), 2009 WL 3756897, at *4 (D.N.J. Nov. 6, 2009) (citing State v. Dayton, 292 N.J. Super. 76, 84-86 (App. Div. 1996)).

Plaintiff's RPC 3.7(a) argument is rejected for several reasons. Even if the Gillespie/Brown conversations are relevant for trial, an issue the Court is not deciding, Gillespie may not be a necessary trial witness to obtain this information. It is possible plaintiff can get this information from Brown. In fact, it is not even known for sure at this time if Gillespie and Brown actually spoke about Brown's press conference. Nor is it known if Gillespie and Brown will have different versions of what was discussed if in fact they spoke. Thus, because alternative witnesses and proofs exist, and a conflict between

Gillespie and Brown may not exist, Gillespie may not be required to testify at trial. See Spinello Cos. v. Metra Indus., Inc., C.A. No. 05-5075 (SRC), 2006 WL 1722626, at *4 (D.N.J. June 22, 2006) (finding that attorney is not a necessary witness where other parties had personal knowledge of the facts communicated to the attorney); Bailey v. Gibbons, C.A. No. 09-4119 (KSH), 2011 WL 4056202, at *15 (D.N.J. Sept. 12, 2011), aff'd, 508 Fed. Appx. 136 (3d Cir. 2013) (affirming the magistrate judge's decision not to disqualify counsel where alternative forms of evidence were available); Oswell, 2007 WL 2446529, at *4 (finding that attorney is not a necessary witness where other witnesses, including other witnesses to a conversation, were available to testify); Biermann, 2012 WL 4008956, at *3 (denying motion to disqualify where attorney was not a necessary witness since other witnesses could provide the same testimony).

Given the fact that motions to disqualify are disfavored, and at this time it is not clear that Gillespie is a necessary trial witness, plaintiff's motion to disqualify pursuant to RPC 3.7(a) will be denied. It is premature to make a final determination this early in the case. Other courts in this district have ruled similarly. For example, in Pursell v. Spence-Brown, C.A. No. 13-1571 (FLW/TJB), 2013 WL 3338643, at *7 (D.N.J. July 2, 2013), the court deferred disqualifying an attorney pursuant to RPC 3.7 because the rule does not apply to

pretrial proceedings and thus the motion was premature. The court deferred ruling in Leibholz v. Hariri, C.A. No. 05-5148 (DRD/MAS), 2009 WL 3246827, at *5 (D.N.J. Oct. 5, 2009), for the same reason.

Even if Gillespie testifies at trial he is not necessarily barred from representing Evesham at the pretrial stage of the case. Main Events, 220 F. Supp. 2d at 356 ("RPC 3.7(a) is a prohibition only against acting as an 'advocate at a trial.'"). Thus, even if Gillespie is deposed, this does not necessarily require that he be disqualified. In addition, at this time the Court is unable to conclude there is a likelihood that Gillespie will be a necessary trial witness. The discovery process is too fluid and trial too far off for the Court to make a final determination on this question at this time.[7] Thus, for the foregoing reasons it is premature to decide if Gillespie should be disqualified because he is a necessary trial witness.

---

[7] For at least the same reasons Gillespie's disqualification is inappropriate at this time, the same is true for his law firm Parker McCay. Whether Parker McCay will be disqualified is necessarily dependent on whether Gillespie will be disqualified.

**O R D E R**

Accordingly, for all the foregoing reasons, it is hereby ORDERED this 23rd day of June 2017, that plaintiff's "Motion to Disqualify Counsel" [Doc. No. 38] is DENIED without prejudice.[8] To be clear, the Court finds that no present circumstances exist that warrant the disqualification of Gillespie or his law firm.

          s/Joel Schneider
          JOEL SCHNEIDER
          United States Magistrate Judge

---

[8] Plaintiff is at liberty to re-file his motion when he deems it appropriate. The Court will then determine if it is necessary to obtain affidavits from Gillespie or other persons to decide the motion. See Trupos, 201 N.J. at 463 (citation omitted) ("[A] motion [for disqualification] should ordinarily be decided on the affidavits and documentary evidence submitted, and an evidentiary hearing should be held only when the Court cannot with confidence decide the issue on the basis of the information contained in [the] papers.").