UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| Richard Dantinne, Jr., | : | Hon. Joseph H. Rodriguez |
| | : | |
| Plaintiff, | : | Civil Action No. 17-486 |
| | : | |
| v. | : | |
| | : | OPINION |
| Randy Brown, Sandy Student, Nichole Stone, | : | |
| William McGoey, and Evesham Township, | : | |
| | : | |
| Defendants. | : | |

This matter is before the Court on Motions to Dismiss the Second
Amended Complaint. Oral argument on the motions was heard on
November 8, 2017 and the record of that proceeding is incorporated here.
For the reasons expressed on the record that date, and those below, the
motions to dismiss will be granted.

<u>Background</u>

Plaintiff's first Complaint was filed in State court and was replaced by
a federal court Complaint filed on January 24, 2017. Thereafter, Plaintiff
filed a First Amended Complaint [Doc. No. 8] and Second Amended
Complaint [Doc. No. 30]. In lieu of Answers, all Defendants filed Motions
to Dismiss which are presently before the Court. [Doc. Nos. 44-47, 49]. All
Defendants assert that no federal jurisdiction exists and, if any part of
Plaintiff's Complaint is viable, jurisdiction is appropriate in State court.

This lawsuit arises out of a press conference held by Mayor Randy Brown ("Brown") of Evesham Township ("Evesham") on or about January 12, 2017. (Second Am. Compl. ¶ 9.) At that press conference, Brown allegedly stated "words to the effect that sexual harassment complaints had been filed against Plaintiff" and that "Plaintiff's conduct 'without question' 'crossed the line.'" (Second Am. Compl. ¶¶ 9, 11.) He further alleged that "the administration was hiding and covering up the sexual harassment complaints." (Second Am. Compl. ¶ 10.)

Plaintiff originally sued Randy Brown and then later named Sandy Student, Nichole Stone, William McGoey, and Evesham Township. Student, Stone, and McGoey are members of the Evesham Township Board of Education. (Second Am. Compl. ¶ 6.) Plaintiff alleges he was defamed, his privacy was invaded, he was denied due process, and his liberty interests were deprived.[1] (See generally Second Am. Compl.) Specifically, Plaintiff alleges that his offer of employment with the Gloucester Township Board of Education was withdrawn due to "Brown's conduct . . . outside the scope of [his] employment as Mayor." (Second Am. Compl. ¶ 28-29, emphasis in original.) Plaintiff's Second Amended Complaint has alleged an alternative

---

[1] Plaintiff alleges he was used as a "pawn in a dispute that [Brown] has personally with the Superintendent of the Evesham Township School District." (Second Am. Compl. ¶ 14.)

theory that Brown "was acting within the course and scope of his duties as Mayor." (Second Am. Compl. ¶¶ 31(a)-(f).)

Discussion

Applicable Standards

A motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) must be granted if the court lacks subject matter jurisdiction to hear a claim. In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012). When a defendant files a motion under Rule 12(b)(1), the plaintiff bears the burden of establishing subject matter jurisdiction for the sake of remaining in federal court. Gould Elec., Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000). The Court applies this standard to the issue of immunity. See Young v. United States, 152 F. Supp. 3d 337, 344 (D.N.J. 2015).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) may involve either a facial challenge to subject matter jurisdiction or a factual challenge to the jurisdictional allegations. Gould Elec., 220 F.3d at 176.  If the defendant's attack is facial—i.e., "asserting that the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction"—a court must accept all allegations in the complaint as true. Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006).

Alternatively, a defendant may "challenge a federal court's jurisdiction by factually attacking the plaintiff's jurisdictional allegations as set forth in the complaint." Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). A factual challenge attacks the existence of a court's subject matter jurisdiction apart from any of the pleadings and, when considering such a challenge, a presumption of truthfulness does not attach to a plaintiff's allegations." Id.; see also Martinez v. U.S. Post Office, 875 F. Supp. 1067, 1070 (D.N.J. 1995).

Alternatively, Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a claim based on "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint should be dismissed pursuant to Rule 12(b)(6) if the alleged facts, taken as true, fail to state a claim. Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss pursuant to Rule 12(b)(6), ordinarily only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint, are taken into consideration.[2] See Chester County Intermediate

---

[2]"Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002) (internal quotation marks and citations omitted) (emphasis deleted). Accord CitiSteel USA Inc. v. GE, 78 F. App'x 832, 835 (3d Cir. 2003).

Unit v. Pa. Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990). It is not necessary for the plaintiff to plead evidence. Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977). The question before the Court is not whether the plaintiff will ultimately prevail. Watson v. Abington Twp., 478 F.3d 144, 150 (2007). Instead, the Court simply asks whether the plaintiff has articulated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility[3] when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). "Where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

The Court need not accept "'unsupported conclusions and unwarranted inferences,'" Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (citation omitted), however, and "[l]egal conclusions made in the

---

[3]This plausibility standard requires more than a mere possibility that unlawful conduct has occurred. "When a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" Id.

guise of factual allegations . . . are given no presumption of truthfulness."
Wyeth v. Ranbaxy Labs., Ltd., 448 F. Supp. 2d 607, 609 (D.N.J. 2006)
(citing Papasan v. Allain, 478 U.S. 265, 286 (1986)); see also Kanter v.
Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423
F.3d 347, 351 (3d Cir. 2005) ("[A] court need not credit either 'bald
assertions' or 'legal conclusions' in a complaint when deciding a motion to
dismiss.")). Accord Iqbal, 556 U.S. at 678-80 (finding that pleadings that
are no more than conclusions are not entitled to the assumption of truth).
Further, although "detailed factual allegations" are not necessary, "a
plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief'
requires more than labels and conclusions, and a formulaic recitation of a
cause of action's elements will not do." Twombly, 550 U.S. at 555 (internal
citations omitted). See also Iqbal, 556 U.S. at 678 ("Threadbare recitals of
the elements of a cause of action, supported by mere conclusory statements,
do not suffice.").

Thus, a motion to dismiss should be granted unless the plaintiff's
factual allegations are "enough to raise a right to relief above the
speculative level on the assumption that all of the complaint's allegations
are true (even if doubtful in fact)." Twombly, 550 U.S. at 556. "[W]here the
well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged-but it has not 'shown'-'that the pleader is entitled to relief.'" <u>Iqbal</u>, 556 U.S. at 679.

<u>42 U.S.C. § 1983</u>

Plaintiffs' Constitutional claims are governed by Title 42 U.S.C. § 1983, which provides a civil remedy against any person who, under color of state law, deprives another of rights protected by the United States Constitution. <u>See</u> <u>Collins v. City of Harker Heights</u>, 503 U.S. 115, 120 (1992). Any analysis of 42 U.S.C. § 1983 should begin with the language of the statute:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

<u>See</u> 42 U.S.C. § 1983.

As the above language makes clear, Section 1983 is a remedial statute designed to redress deprivations of rights secured by the Constitution and its subordinate federal laws. <u>See</u> <u>Baker v. McCollan</u>, 443 U.S. 137, 145 n.3 (1979). By its own words, therefore, Section 1983 "does not . . . create substantive rights." <u>Kaucher v. County of Bucks</u>, 455 F.3d 418, 423 (3d Cir. 2006) (citing <u>Baker,</u> 443 U.S. at 145, n.3).

To state a cognizable claim under Section 1983, a plaintiff must allege a "deprivation of a constitutional right and that the constitutional deprivation was caused by a person acting under the color of state law." Phillips v. County of Allegheny, 515 F.3d 224, 235 (3d Cir. 2008) (citing Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996)). Thus, a plaintiff must demonstrate two essential elements to maintain a claim under § 1983: (1) that the plaintiff was deprived of a "right or privileges secured by the Constitution or the laws of the United States" and (2) that plaintiff was deprived of his rights by a person acting under the color of state law. Williams v. Borough of West Chester, Pa., 891 F.2d 458, 464 (3d Cir. 1989).

Municipal Liability

A municipality is not liable under 42 U.S.C. § 1983 on a *respondeat superior* theory. Monell v. Dept. Soc. Servs. of New York, 436 U.S. 658, 691 (1978). However, a government entity may be liable for its agent's actions upon a demonstration that a policy or custom of the municipality caused, or was a "moving force" behind, the alleged violation of Plaintiff's rights. Kentucky v. Graham, 473 U.S. 159, 166 (1985) (quoting Polk County v. Dodson, 454 U.S. 312, 326 (1981)); Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996). Thus, in order to prevail against the government entity, "[a] plaintiff must identify the challenged policy, attribute it to the city

itself, and show a causal link between execution of the policy and the injury suffered." <u>Losch v. Parkesburg</u>, 736 F.2d 903, 910 (3d Cir. 1984).

Policy is made when a decisionmaker with final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict. <u>Andrews v. City of Phila.</u>, 895 F.2d 1469, 1480 (3d Cir. 1990). A course of conduct or practice is considered custom when, though not authorized by law, such practices are "so permanent and well-settled as to virtually constitute law." <u>Id.</u> To impose municipal liability pursuant to a custom, a plaintiff must show that the municipality acted with "deliberate indifference" to its known or obvious consequences. <u>City of Canton v. Harris</u>, 489 U.S. 378, 388 (1989); <u>Bd. of Cty. Comm'rs v. Brown</u>, 520 U.S. at 397, 398 (1997). <u>See</u> <u>also</u> <u>Berg v. Cty. of Allegheny</u>, 219 F.3d 261, 277 (3d Cir. 2000) (this can be shown if it is obvious that a custom would lead to constitutional violations). "A showing of simple or even heightened negligence will not suffice." <u>Brown</u>, 520 U.S. at 407.

<u>Individuals</u>

To impose liability on individual defendants, a plaintiff must contend that each one individually participated in the alleged constitutional violation or approved of it. <u>C.N. v. Ridgewood Bd. of Educ.</u>, 430 F.3d 159, 173–74 (3d Cir. 2005).

<u>Analysis</u>

As an initial matter, Plaintiff has conceded that he is not claiming a federal common law cause of action for defamation. Rather, Plaintiff asserts that Count VII of the Second Amended Complaint alleges a violation of Plaintiff's federal due process rights in that he was deprived of his liberty interest in his reputation. (Second Am. Compl. ¶ 101.) Plaintiff argues that he can satisfy the "stigma plus" standard for damage to his reputation because Brown publicly made allegedly false statements about him which resulted in the loss of an employment offer from another school district. Plaintiff remains employed with Evesham Township. The statements that allegedly were false were that sexual harassment complaints were filed against Plaintiff and Plaintiff's conduct "crossed the line." Plaintiff also contends there are questions of fact as to what Brown said at the press conference.

"[T]o make out a due process claim for deprivation of a liberty interest in reputation, a plaintiff must show a stigma to his reputation plus deprivation of some additional right or interest." <u>Hill v. Borough of Kutztown</u>, 455 F.3d 225, 236 (3d Cir. 2006) (citing <u>Paul v. Davis</u>, 424 U.S. 693, 701 (1976)). "[R]eputation alone is not an interest protected by the Due Process Clause." <u>Dee v. Borough of Dunmore</u>, 549

F.3d 225, 233 (3d Cir. 2008). A plaintiff must allege actual termination or suspension from his job to sufficiently meet the "plus factor." <u>Williams v. Board of Supervisors Conewago Twp.</u>, 640 F. App'x 209, 211 (3d Cir. 2016). "The possible loss of future employment opportunities is patently insufficient to satisfy the requirement imposed by <u>Paul</u> that a liberty interest requires more than mere injury to reputation." <u>Clark v. Twp. of Falls</u>, 890 F.2d 611, 620 (3d Cir. 1989).

For purposes of this motion, the Court finds that the Second Amended Complaint may be read to allege that Brown was acting under color of law when he held the press conference, even though the pleading also stresses that Brown was acting outside of his authority as Mayor. However, Plaintiff does not allege that the Defendants terminated or suspended him from his position. The allegations in the Second Amended Complaint are insufficient to allege the loss of a liberty interest in reputation. "Because no liberty interest or property right was violated in this case, no right to procedural due process attached." <u>Clark</u>, 890 F.2d at 620. Count VII fails to state a federal claim and will be dismissed.

Next, Plaintiff alleges in Count IV that his federal right to privacy was violated because a disciplinary matter regarding his employment was discussed in public with three members of the School Board present, rather

than in closed session. Again assuming that this Count infers that Brown was acting under color of State law, in contrast to some of the language of the Second Amended Complaint, it is unclear what Constitutional provision allegedly was violated. The Court has found no authority to suggest that there is a Constitutional privacy interest in keeping from the public that one has been accused of sexual harassment.

"The United States Constitution does not mention an explicit right to privacy and the United States Supreme Court has never proclaimed that such a generalized right exists." C.N. v. Ridgewood Bd. of Educ., 430 F.3d 159, 178 (3d Cir. 2005). The Supreme Court, however, has found certain constitutional "zones of privacy." C.N., 430 F.3d at 178 (citing Roe v. Wade, 410 U.S. 113, 152-53 (1973)). From these zones of privacy, courts have articulated two types of privacy interests rooted in the Fourteenth Amendment. Nunez v. Pachman, 578 F.3d 228, 231 n.7 (3d Cir. 2009). The first privacy interest is the "individual interest in avoiding disclosure of personal matters," and the second is the "interest in independence in making certain kinds of important decisions." C.N., 430 F.3d at 178. The first privacy interest is at issue in this matter. "'The right not to have intimate facts concerning one's life disclosed without one's consent' is 'a venerable [right] whose constitutional significance we have recognized in

the past.'" C.N., 430 F.3d at 179 (quoting Bartnicki v. Vopper, 200 F.3d 109, 122 (3d Cir. 1999)).

The touchstone of constitutional privacy protection is whether the information at issue is within an individual's reasonable expectations of confidentiality. C.N., 430 F.3d at 179. The right to avoid disclosure of personal matters is not absolute. "Public health or like public concerns may justify access to information an individual may desire to remain confidential." Id. (quoting Sterling v. Borough of Minersville, 232 F.3d 190, 195 (3d Cir. 2000) (citing United States v. Westinghouse Elec. Corp, 638 F.2d 570, 577 (3d Cir. 1980); Fraternal Order of Police v. City of Philadelphia, 812 F.2d 105, 110 (3d Cir. 1987) ("Disclosure may be required if the government interest in disclosure outweighs the individual's privacy interest."))).

As Plaintiff has provided no authority that there is a Constitutional privacy interest in keeping from the public that one has been accused of sexual harassment, in contrast to the public interest in having such claims investigated, this claim must be dismissed.

Finally, because Plaintiff has not sufficiently alleged the deprivation of a constitutional right, his Monell claims and claims against the individual school board members also fail. The Plaintiff acknowledges that the three

School Board members did not speak during the press conference, but argues that their presence lent credibility to the Mayor's remarks. There is no allegation that these three – Stone, Student, and McGoey -- individually had personal involvement in any violation of Plaintiff's civil rights. The Board members' presence at the press conference does not give rise to a claim of invasion of privacy. Moreover, Plaintiff has not identified a policy, practice, or custom of the municipality that could form the moving force behind any violation of his constitutional rights.

Conclusion

The Court is unable to glean from the Second Amended Complaint allegations that Plaintiff was deprived of a right or privileges secured by the Constitution or the laws of the United States. Therefore, the Court will dismiss the claims that purport to establish federal subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1367(c)(3), the Court "may decline to exercise supplemental jurisdiction over a claim if" it has "'dismissed all claims over which [it had] original jurisdiction.'" Figueroa v. Buccaneer Hotel Inc., 188 F.3d 172, 181 (3d Cir. 1999) (quoting 28 U.S.C. § 1367(c)(3)). Since the Court has dismissed both of the claims over which it was alleged to have had original federal question jurisdiction, the

Court declines to exercise supplemental jurisdiction over Plaintiff's State law claims. The dismissal of the State law claims is without prejudice to Plaintiff reasserting those claims in a State court proceeding. Id. at 182 (noting that a dismissal of state law claims pursuant to § 1367(c)(3) "is not an adjudication on the merits and thus should be ordered without prejudice" (internal quotation marks omitted)).

An appropriate Order will be entered.

Dated: March 26, 2018                         /s/ Joseph H. Rodriguez
                                              JOSEPH H. RODRIGUEZ
                                              U.S.D.J.